IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**MEL M. MARIN**,            )
                             )
    Plaintiff,        )
                             )
    v.                )    1:11cv123
                             )    **Electronic Filing**
**SECRETARY OF THE**         )
**COMMONWEALTH OF**          )
**PENNSYLVANIA,**            )
                             )
    Defendant.        )

## MEMORANDUM OPINION

Mel M. Marin ("plaintiff") filed a complaint in this Court on June 1, 2011, seeking declaratory and injunctive relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, challenging a Pennsylvania statue which in plaintiff's view requires all candidates for public office to divulge to the public their home address.[1] Presently before the court is plaintiff's

---

[1] Plaintiff, also known as Melvin M. Marinkovic, is a serial *pro se* filer who has filed vexatious litigation in this court in *Mel Marin v. The Erie Times, et al.*, 1:11cv102 (Doc. No. 18), *aff'd*, 525 F. App'x 74 (3d Cir. 2013); *In re: Joseph Fragile, et al.*, 2:11cv788 (Doc. No. 8); *In re: Joseph Fragile, et al.*, 2:11cv789 (Doc. No. 7), *Mel Marin v. Tom Leslie, et al.*, 2:09cv1453 (Doc. No.s 57 & 58); *Melvin M. Marinkovic v. Mayor Joseph Sinnott, et al.*, 1:12cv139 (Doc. No. 21) and *Marin v. La Paloma Healthcare Center, et al.*, 1:11cv230 (Doc. No.s 2 & 3). He has filed an action challenging the actions of private citizens in opposing his campaign for federal congress, which the court found likely to be "more of the same." *See Marin v. Robert A. Biros, et al.*, 2:11cv884 (Doc. No. 6 at 4). Plaintiff also has pursued an action challenging the need for him to submit his social security number in order to receive a profession license as an Emergency Medical Technician which the court found to be without merit at summary judgment. *See* Opinion of April 11, 2014 in *Mel Marin v. William McClincy and Melissa Thompson*, 1:11cv132 (Doc. No. 81 in 1:11cv132). He likewise has filed over 70 proceedings in other jurisdictions and been placed on the "Vexatious Litigant List" by the State of California in connection with a filing in the San Diego Superior Court at No. 720715. *See* Transmittal Statement of the Bankruptcy Court to Accompany Notice of Appeal (Doc. No. 1-14) in *In re: Joseph Fragile, et al.*, 2:11cv789 (W.D. Pa. June 15, 2011) at 6 n.3. Plaintiff "was once a law clerk in the federal court and a 9th Circuit extern." Verified First Amended Complaint in *Melvin M. Marinkovic v. Mayor Joseph Sinnott, et al.*, 1:12cv139 (Doc. No. 3) at ¶ 112.

  Plaintiff also uses different addresses in different states to maintain his pending cases. He frequently claims not to have received mail at the address he maintains in the court's docket and

motion to proceed *in forma pauperis*. For the reasons set forth below, the motion will granted, the Clerk will be directed to file the complaint and an order will be entered declining to exercise jurisdiction over the action.

The United States Court of Appeals for the Third Circuit has instructed the district courts to utilize a two-step analysis to determine whether to direct service of a complaint where the plaintiff seeks to proceed in forma pauperis. First, the court must determine whether the litigant is indigent within the meaning of 28 U.S.C. § 1915(a). Second, the court must determine whether the complaint is frivolous or malicious under 28 U.S.C. § 1915(d). *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990). The court finds plaintiff to be without sufficient funds to pay the required filing fee. Thus, he will be granted leave to proceed in forma pauperis.

In *Neitzke v. Williams*, 490 U.S. 319 (1989), the Supreme Court identified two types of legally frivolous complaints: (1) those based upon indisputably meritless legal theory, and (2) those with factual contentions which clearly are baseless. *Id.* at 327. An example of the first is where a defendant enjoys immunity from suit, and an example of the second is a claim

---

seeks to reset his own deadlines for compliance with any particular pretrial deadline. A review of his filings in the related dockets reflects the use of such tactics. *See e.g.* Motion for Service (Doc. No. 13 in 1:12cv139); Motion for an Order to Allow Filing of Opposition to Motion to Dismiss Out-of-Time (Doc. No. 17 in 1:12cv139); Notice of and Motion for Leave to Allow Responses to Order of April 11, 2013 Out-of-Time and Request for Clerk to Send Case Management Order and Declaration in Support (Doc. No. 51 in 2:09cv1453) at 1; Notice of and Motion to Supplement Motion for Late Response to Order of April 11, 2013 Out-of-Time and Request for Clerk to Send 2011 Case Management Order (Doc. No. 55 in 2:09cv1453) at 1; Plaintiff's Notice of and Motion for Leave to File a Pre-Trail Statement Out-of-Time (Doc. No. 31 in 2:06cv690) at 1; Plaintiff's Notice of Change of Address and Motion for Remailing (Doc. No. 52 in 1:11-cv-132); Motion for Leave to File Opposition to Summary Judgment Out of Time (Doc. No. 64 in 1:11-cv-132 at 5-6); Motion for Leave to File Third Amended Complaint Out of Time (Doc. No. 65 in 1:11-cv-132 at 1). The docket verifies that in accordance with the Local Rules all orders and opinions are mailed to plaintiff at the mailing address he has provided for the particular case (which includes a change of address upon proper notification to the Clerk).

describing a factual scenario which is fanciful or delusional. *Id*. In addition, Congress has expanded the scope of § 1915 to require that the court be satisfied that the complaint states a claim upon which relief can be granted before it directs service; if it does not, the action shall be dismissed. 28 U.S.C. § 1915(e) (2) (B) (ii).

Plaintiff filed the action while he was "a candidate for Congress in the Western District of Pennsylvania." Complaint (Doc. No. 1-1) at ¶ 2. Plaintiff had registered as a candidate in the primary election for the 3rd Congressional District in order to challenge Representative Kathy Dahlkemper for the democratic nomination. *Id.* at ¶ 3; *see also* Memorandum Order of August 30, 2012, in *Marin v. The Erie Times, et al.*, 1:11cv102 (Doc. No. 18 in 1:11cv102) at 4, *aff'd*, 525 F. App'x 74 (3d Cir. 2013).

On November 3, 2011, this court received a notice a notice from plaintiff indicating he had commenced a parallel action in Pennsylvania "state court on the same action." Notice of October 26, 2011 (Doc. No. 2). Plaintiff explained that the state attorney general had accepted service of his state court action, granted "a fee waiver" and the state court had scheduled a dispositive hearing on the matter. *Id.* No further correspondence has been received from plaintiff.

It is well settled that relief pursuant to the Declaratory Judgment Act is discretionary. *State Auto Ins. Co. v. Summy*, 234 F.3d 131 (3d Cir. 2001); *Reifer v. Westport Ins. Corp.*, 751 F.3d 129 (3d Cir. 2014). After considering each of the various factors that guide the exercise of that discretion, *see Reifer*, 751 F.3d at 146, it is clear that "considerations of practicality and wise judicial administration" counsel the dismissal of this action. *Id.* at 139 (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995)).

Specifically, it is less than clear that a declaration by this court will resolve any remaining uncertainty of obligation that gave rise to the filing of the complaint. According to plaintiff's

more recent submission, it will be more convenient and expedient for the parties to proceed in the state court proceeding. There is no reason to assume the public interest in resolving the parties' dispute cannot be vindicated in the state court proceeding, particularly where the exact same controversy has been presented to the state courts. And proceeding with the instant matter will result in duplicative litigation.

      In light of the above, the court will exercise its discretion and decline to exercise its jurisdiction under the Declaratory Judgment Act. An appropriate order will follow.

Date: September 29, 2014

s/David Stewart Cercone<br>
David Stewart Cercone<br>
United States District Judge

cc:    Mel M. Marin
       P. O. Box 80454
       San Diego, CA 92138

       (*Via CM/ECF Electronic Mail*)