Mel M. Marin  6/1/2011  **RECEIVED**
Box 80454
San Diego, CA 92138  JUN - 6 2011

Plaintiff
*Pro Se*

CLERK, U S DISTRICT COURT
WEST DIST OF PENNSYLVANIA

# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MEL M. MARIN | ) | Number 11-CV-123 E |
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | FOR DECLARATORY JUDGMENT |
| v. | ) | AND INJUNCTION |
| | ) | AGAINST ELECTIONS CODE |
| SECRETARY OF THE | ) | 28 P.S. §2780 AND CUSTOM |
| COMMONWEALTH OF | ) | AND PRACTICE THEREUNDER |
| PENNSYLVANIA, | ) | IN VIOLATION OF THE 1ST |
| | ) | AND 14TH AMENDMENTS TO |
| Defendant, | ) | THE CONSTITUTION OF THE |
| | ) | UNITED STATES |

## JURISDICTION

1. This court has jurisdiction because this is an action under federal statute, 28 U.S.C. §2201, for declaratory judgment challenging Pennsylvania law on its face and as applied, to wit, 28 P.S. §2780, for requiring all candidates for public office to divulge to the public their home addresses; on the basis that the individual candidate's privacy rights are greater than the state's right to make a shooting-gallery spectacle of politics as occurred in Arizona in 2011.

2. Venue is here because plaintiff is a candidate for Congress in the Western District of Pennsylvania and the offending statute chills or damages his candidacy, here.

3. Having duly registered for the congressional race in 2010, plaintiff was subject to the law at that time, and seeks declaratory judgment and injunction to stop the practice that unconstitutionally

1

interferes with or "chills" his federal rights so he can register to run in 2012, under the rule permitting a continuing challenge to Pennsylvania statute if the same threat from the past is "capable of repetition, yet evading review". Meisel v. Kremens, 405 F.Supp. 1253, 1254 n. 2 (E.D. Pa. 1975).

## I.
## THE STATUTE IS VIOLATIVE OF THE EQUAL PROTECTION CLAUSE OF THE 14TH AMENDMENT ON ITS FACE

4. A state statute is violative of the U.S. Constitution "on its face" in a non-1st Amendment challenge if "no set of circumstances exist under which the Act would be valid". Belitskus v Pizzingrilli, 343 F 3d 632, 648 n. 10 (3d Cir. 2003).

5. The "face" of a state statute is not just the plain words, but the manner it is administered as to all persons, not just "as applied" under present facts to this plaintiff

6. The plain words of 28 P.S. §2780 requires a candidate for public office divulge his home address in the affidavit of candidacy:

> Each candidate for    . Representative in Congress, shall file with his nomination petition his affidavit stating – (a) his residence, with street and number . . .

7  Nowhere in that statute does the state legislature require that the same information be made public record.

8. But the Secretary of the Commonwealth as a matter of course makes all of it available to the public without seeking permission from any candidate, without giving legal citation but supposedly pursuant to the state Open Records Law at 65 P.S. §67.305 ("A record in the possession of a Commonwealth agency or local agency shall be presumed to be a public record.").

9  Under that same Open Records Law two exceptions prevent home addresses in the possession of the Commonwealth to be made public.

10  The first is the exemption stated in §67.305, of §67.708 which bars making public the address of anyone's home no matter who he is, because it is a confidential personal number:

> (6)(i) A record containing all or part of a person's Social Security number . . home, cellular or personal telephone number or other confidential personal identification number.

11. Because a home address is a confidential personal identification number, that home number is specifically exempt for all persons.

12. Because the Secretary fails to give candidates the same level of protection of the laws as it gives all other persons without giving any reason, it implies candidates are sub-human, and violates the equal protection clause.

13. The second exemption is given in §67 306: any court ruling that states otherwise.

14. The state Commonwealth Court in addressing the Open Records Law exemption statute §67.708, made it clear that home addresses in custody of the state are *not* to be made a public record Pennsylvania State Ed. Ass'n v. Com., 981 A.2d 383, 386 at [6](Pa. Commw. 2009).

15. Because the state court has now addressed the same issue, this court need not apply a *Burford* abstention to allow the state to address it, as described in Pierce v. Allegheny County Bd. Of Elections, 324 F Supp.2d 684, 703 at [23](W.D. Pa. 2003), and no other abstention applies.

16. Because the Secretary fails to give candidates the same level of protection as it gives all other persons without giving any reason, and in the process disregards these exceptions established by its own statutes, it implies candidates are sub-human, and violates the equal protection clause.

17 WHEREFORE, plaintiff seeks and is entitled to declaratory judgment finding that the unwritten rule in 28 P.S. §2780 of making residence information public, is unconstitutional, and an injunction barring defendant from allowing public access to this plaintiff's residence information.

## II.

## THE RULE IS VIOLATIVE OF THE EQUAL PROTECTION CLAUSE OF THE 14TH AMENDMENT AS APPLIED

18. All above allegations are incorporated herein by this reference.

19. *If* the combined "rule" of the state involving 28 P.S. §2780 and 65 P.S. §67.305 to release the home addresses of all candidates for public office is not facially void as to all persons everywhere at all times, then it is void "as applied" under the analysis explained in Tenessee v. Garner, 471 U.S. 1, 11, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985) and Small v. Reno, 127 F.Supp.2d 305, 310 (D. Conn. 2000), as violative of the equal protection clause as to candidates for election like this plaintiff who do not fall under any special classification that might make residences otherwise accessible by the public under a general rule.

20. WHEREFORE, plaintiff seeks and is entitled to declaratory judgment finding the state statute 28 P.S. §2780 that carries an unwritten rule of making residence information public, is unconstitutional, and an injunction barring defendant from making plaintiff's residence public and barring the Secretary from refusing to certify plaintiff as a candidate in March 2012 when he refuses to include his residence information on the candidate affidavit to prevent it from being made public.

## III.

## THE RULE IS VIOLATIVE OF THE PRIVILEGES AND IMMUNITIES CLAUSE OF THE 14TH AMENDMENT AS APPLIED

21. All above allegations are incorporated herein by this reference

22. A plaintiff has standing to challenge a state law abridging or "chilling" his efforts to become a candidate for public office if the office is a national one, under the privileges and immunities clause of the 14th Amendment to the Constitution of the United States, pursuant to Snowden v. Hughes, 321 U.S. 1, 7, 64 S.Ct 397, 88 L.Ed. 497 (1944), and Pierce v. Allegheny

4

County Bd. Of Elections, 324 F.Supp.2d 684, 694 at [5](W.D. P.a. 2003).

23. The offending law as described above is unconstitutional because it applies a state law that protects those in *state* positions from public release of their home addresses as ruled in Pennsylvania State Ed. Ass'n v. Com., 981 A.2d 383, 386 at [6](Pa. Cmwlth. 2009), but does not allow that same privilege of confidentiality to a candidate for a *national* office in Pennsylvania.

24. Therefore, the rule is void as violative of the privileges and immunities clause as an unlawful discrimination against a national right of citizenship.

25. WHEREFORE, plaintiff seeks and is entitled to declaratory judgment finding the state statute 28 P.S §2780 that carries an unwritten rule of making residence information public, is unconstitutional, and an injunction barring defendant from making plaintiff's residence public and barring the Secretary from refusing to certify plaintiff as a candidate in the 2012 elections when he refuses to include his residence information on the candidate affidavit in March 2012 to prevent it from being made public.

## IV.
## THE RULE IS VIOLATIVE OF THE 1ST AMENDMENT

26. All above allegations are incorporated herein by this reference

27. An elections rule may also violate the 1st Amendment by constituting a severe restriction on the right to run, suggested by Williams v. Rhodes, 393 U.S 23, 30-31, 89 S Ct. 5, 21 L.Ed.2d 24 (1968)(Ohio's election law unconstitutionally restricted Socialist candidate from running).

28  And the Supreme Court has also directed lower courts to consider the impact of elections rules on the integrity of the process, in Bullock v. Carter, 405 U.S. 134, 92 S.Ct. 849, 857 at [9] (1972)(Texas election law an unconstitutional restriction because of filing fees of $8,900).

29. These elections laws must also be viewed "in a realistic light" to determine their impact, under the rule in Bullock v. Carter, 405 U S 134, 92 S Ct 849, 856 at [6], 31 L.Ed.2d 92 (1972)

30. The state disclosure rule here is violative of the 1st Amendment as a severe restriction on running for public office taken in a "realistic light" as a "chill" on the run for office itself, because

public release of homes of congressional candidates now carries the threat of physical assault and death, as inflicted on a federal judge and congresswoman in Arizona in 2011 simply because their *location for 30 minutes* near their homes was made public record, and the earlier "Anthrax crisis", and because of rate of death threats now received by congressmen and candidates weekly.

31  It is also a "chill" against candidates speech because the threat of attack and death for speaking out on issues of vital public importance stops candidates from taking positions on anything, thereby stops free speech vital to elections, and undermines the integrity of the voting process because voters do not know any longer what candidates stand for and, on that basis, do not vote, or they express dissatisfaction higher now than ever before, because of their representatives' lack of candor

32.  This effect also interferes with this plaintiff's right to run, this plaintiff's right to express himself in annoying, trouble-making, but lawful ways, and the voters' right to hear whole opinions.

33  Whether the state law's interference in these federal rights is by accident or intentional it does not matter: the federal rights are supreme and void the state law, according to <u>Association of Banks In Ins., Inc. v Duryee</u>, 55 F.Supp.2d 799, 801 (S D Ohio 1999)(The Supremacy Clause "invalidates state laws that 'interfere with, or are contrary to', federal law" . . . or "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.").

34.  Although it may be true, as Congressman Pogue from Waco, Texas once lamented, that most Congressmen are spineless and say nothing because they actually have no opinions, and for those there is no concern that anyone would retaliate against a position on issues they do not have, this plaintiff has opinions that would be considered as strident, vexatious, and inflammatory, based on the threats he received in the last election, like opposing the predator take-over of the Pentagon, and stopping predators from forcing adoption agencies to hand-over babies to legalize the molesting of children.  If plaintiff prevails in applying civil rights to protect those in the dawn of life, children, heady days will be here again like in 1968, and plaintiff asks this court to protect his address so that he can inflame, offend, and entice voters to get out and vote for him or use their power to vote, not fire, against him.

35. WHEREFORE, plaintiff seeks and is entitled to judgment finding the state statute 28 P S. §2780 that carries an unwritten rule of making residence information public, is unconstitutional, and an injunction barring defendant from making plaintiff's residence public and barring the Secretary from refusing to certify plaintiff as a candidate in the 2012 elections.

36. This complaint is verified.

DATED: June 1, 2011

                                               Mel M. Marin, Democrat